UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW PICTOR,

                Plaintiff,

    v.                               CAUSE NO. 3:21-CV-794 DRL-MGG

MADISON COULTAS, JADE SERVIN,
and OLMSTEAD,

                Defendants.

<u>OPINION AND ORDER</u>

Matthew Pictor is a federal inmate being held on a probation violation at the St. Joseph County Jail. *United States v. Pictor*, 3:17-cr-029 (N.D. Ind. filed April 12, 2017). Without a lawyer, he filed this civil lawsuit alleging he missed lunch on September 9, 2021. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss a frivolous one or one without a plausible claim.

Mr. Pictor alleges he was sleeping in his locked cell around 11:00 a.m. when he was awakened by someone telling him it was lunch time. He says he pressed the call button, but Deputy Madison Caultas refused to open his door. After Deputy Jade Servin finished passing out lunch trays, all cell doors were unlocked. Mr. Pictor alleges Deputy Servin shrugged and walked away when he told her he did not get a lunch tray. He

alleges Warden Olmstead has not answered his grievances. Mr. Pictor alleges as a result of missing lunch, he "had significant hunger pains" because he went thirteen hours without food between breakfast and dinner. ECF 1 at 2. He says he was also irritable and could not focus.

"By prohibiting cruel and unusual punishment, the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quotation marks and citation omitted). "Conditions of confinement must be severe to support an Eighth Amendment claim; the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities [because] the Eighth Amendment only protects prisoners from conditions that exceed contemporary bounds of decency of a mature, civilized society." *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citations omitted).

In a previous case, this court explained that missing a single meal didn't state a claim:

> The Plaintiff claims that, as further punishment, he missed one meal on October 18, 2010. While inmates are entitled to be provided with adequate food, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir.2009), "[t]here is, of course, a de minimus level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). *See also Hudson v. Mc Millian*, 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (explaining that "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (quotation marks and citations omitted). There are many reasons why people, inmates and free citizens alike, will occasionally miss

a meal. Though missing this meal was likely unpleasant, it did not violate
the Eighth Amendment.

*Banks v. Superintendent*, No. 3:10-CV-150, 2011 WL 2604343, 2 (N.D. Ind. June 30, 2011).

This complaint does not state a claim for which relief can be granted. "The usual
standard in civil cases is to allow defective pleadings to be corrected, especially in early
stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898
F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to
amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d
420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A.

SO ORDERED.

October 19, 2021                                    s/ Damon R. Leichty
                                                   Judge, United States District Court